891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James KROSKE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1243.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff James Kroske appeals from a district court judgment upholding a denial of disability insurance benefits by the Secretary of Health and Human Services. Agreeing with the district court that the Secretary's denial of benefits was based on substantial evidence, we shall affirm the judgment.
 
 
 2
 Mr. Kroske, a fireman and emergency medical technician, hurt his back while lifting a heavy patient. He claims to be disabled because of neck pain that radiates into his right arm and hand and back pain that radiates into his right leg.
 
 
 3
 Mr. Kroske filed his application for benefits in November of 1985. An administrative law judge found that he was unable to return to his past work, but that he retained the residual functional capacity to perform light work. Benefits were accordingly denied.
 
 
 4
 Mr. Kroske sought review in federal district court. The district court remanded the case for further vocational expert testimony on the availability of light work, given Mr. Kroske's numerous functional limitations. Following a second hearing and additional testimony by the vocational expert, the ALJ again concluded that Mr. Kroske was not entitled to disability benefits. This decision was based upon Mr. Kroske's ability to perform light and sedentary work within certain ranges and the availability of a significant number of jobs that he could perform. On review, the district court found substantial evidence to support the ALJ's findings.
 
 
 5
 The ALJ's decision must be affirmed if it is supported by "substantial evidence"--that is, "such evidence as a reasonable person might accept as adequate to support a conclusion." Evans v. Secretary of Health and Human Services, 820 F.2d 161, 164 (6th Cir.1987). The standard applied to complaints of disabling pain is as follows:
 
 
 6
 "First, we examine whether there is objective medical evidence of an underlying condition. If there is, we then examine: (1) whether the objective medical evidence confirms the severity of the alleged pain arising from the condition or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 7
 Here there is no dispute as to the existence of an underlying condition; all of the examining doctors diagnosed degenerative disc disease of the cervical and lumbar spine as the primary cause of Mr. Kroske's back pain. The medical evidence also revealed mild bilateral carpal tunnel syndrome. Nor is there any dispute that these conditions sharply limited Mr. Kroske's capabilities. Although the Secretary asserts that Mr. Kroske's activities are "extensive" and "relatively normal," he does not deny that Mr. Kroske is incapable of performing his previous job or other jobs that would require heavy lifting, extensive wrist flexion, or continuous neck bending.
 
 
 8
 The vocational expert who testified at the second hearing identified two jobs that Mr. Kroske could perform: working as a dispatcher and driving a bus or van. Mr. Kroske claims that he could perform neither job. He argues that the reports of his treating physician, Dr. William Brilhart, established: (1) that he could not sit for more than one hour in an eight hour day, (2) that he could not manipulate hand controls with his right hand, and (3) that he could not perform repetitive foot movements.
 
 
 9
 Dr. Brilhart's assessment of Mr. Kroske's disability is not entitled to special deference: "The expert opinions of a treating physician as to the existence of a disability are binding on the fact-finder unless contradicted by substantial evidence to the contrary." Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987) (emphasis supplied). Substantial evidence in the record refutes both Dr. Brilhart's specific claims and his general finding of disability. Mr. Kroske's own testimony established that he could drive (and therefore sit) for more than one hour in an eight-hour day; he related that he could only drive for about an hour at a time before stopping at a rest area to walk around, but that he could then continue on. This testimony came only ten days before Dr. Brilhart prepared his report. As for the right hand, examinations after surgery for right carpal tunnel syndrome revealed increased arm strength and less pain in the hand. At the first administrative hearing, Mr. Kroske reported no problems with the stick shift on his pickup truck, although at the second hearing he testified that he had switched to an automatic transmission because of trouble shifting. Dr. Brilhart confirmed that Mr. Kroske could perform simple grasping with either hand, contrary to Mr. Kroske's testimony that his grip was too weak to hold a screwdriver, for example. Although Mr. Kroske also testified that he lacked the strength to turn a manual steering wheel, Dr. Ponze earlier had found that his arm strength was "normal" in the left and "good" in the right. Mr. Kroske's range of motion in his left shoulder was normal, his leg strength was normal, and his testimony that he could drive suggests that any pain in the leg was less than disabling.
 
 
 10
 These facts provide substantial evidentiary support for the finding that Mr. Kroske's pain was not of a frequency, duration or intensity sufficient to make it disabling. It is irrelevant, therefore, whether the record taken as a whole might support a different conclusion. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).
 
 
 11
 The judgment of the district court is AFFIRMED.